466 So.2d 1230 (1985)
R.L.L., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1900.
District Court of Appeal of Florida, Second District.
April 10, 1985.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Appellant was adjudicated delinquent based on his acts of obstruction of a police officer and possession of a felony amount of marijuana. Appellant alleges that the adjudication as to the obstruction charge was improper. He does not challenge the adjudication concerning the possession charge. We affirm.
Two police officers were on patrol when they saw a parked car with appellant in the front passenger seat and a woman in the driver's seat. The officers saw the woman appear to hide something and, as they approached the car, could see an open can of beer by the woman's leg. Because this was a violation of a municipal ordinance, the officers requested identification from the two people in the car.
As the woman searched her purse, one officer saw what appeared to be a bag of marijuana in the purse. The officers asked both people to step out and stand at the rear of the car. One officer read both people their Miranda[1] rights. At that point, or shortly thereafter, the appellant ran away while the officers were concentrating their attention on the woman. The officers later found twenty bags of marijuana on the floor of the passenger side of the car. The marijuana was in a hat identical to one that appellant had been seen wearing on numerous prior occasions.
The trial court found that appellant had violated section 843.02, Florida Statutes (1983), which provides that it is a misdemeanor to obstruct or oppose any officer "in the execution of legal process or in the lawful execution of any legal duty," without the use of violence. Appellant contends that the officers in this case were not executing any legal duty because appellant *1231 was not under arrest at the time he left nor was there any reason for the officers to believe that appellant, as contrasted with his companion, had committed a crime. Appellant argues that without such a reasonable belief the officers had no grounds on which to detain appellant under the Stop and Frisk Statute, section 901.151, Florida Statutes (1983).
We disagree with appellant's contentions. Appellant was present in a car with a person who was in apparent violation of a municipal ordinance and a drug statute. Although defendant's presence in itself might not have been probable cause sufficient to justify an arrest, the circumstances were such that the officers were entitled to briefly detain appellant while they pursued their investigation.
There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets. Absent special circumstances, the person approached may not be detained or frisked but may refuse to cooperate and go on his way. However, given the proper circumstances, such as those in this case, it seems to me the person may be briefly detained against his will while pertinent questions are directed to him. Of course, the person stopped is not obliged to answer, answers may not be compelled, and refusal to answer furnishes no basis for an arrest, although it may alert the officer to the need for continued observation.
Terry v. Ohio, 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889, 913 (1968) (White, J., Concurring) (emphasis added). Appellant has not raised any issue concerning the reasonableness of the length of his detention by the officers.
Under the circumstances of this case, the officers had a right to detain appellant. Appellant's running away, contrary to the officers' instructions, obstructed the officers in the performance of their legal duty. Accordingly, the trial court correctly found that appellant violated section 843.02.
Affirmed.
DANAHY, A.C.J., and HALL, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).